Good morning, Your Honors. My name is Marie Andrade. I'm representing the petitioner in this case. I'd like to reserve two minutes for rebuttal, please. As set forth in our brief, there are several bases upon which this Court may grant the petition. I'd like to take this opportunity to concentrate on two particular points that I think will raise some of the others as we go along and, of course, stand for your questions. The first is, the Board of Immigration Appeals must apply the categorical approach to analyze whether a particular conviction renders somebody, like my client, ineligible as a matter of law for cancellation of removal. Is there any dispute in this record as to what the maximum penalty is under the Idaho statute for petty theft? No, Your Honor. I don't believe there is. And what is it? One year. Not to exceed one year, correct? Not to exceed one year. Does the government dispute that? No, the Idaho statute says not to exceed one year. Thank you. Thank you, Your Honor. And second, that Mr. Lozano did, in fact, meet his burden of establishing that he's eligible for relief. To the first point, there's two cases in which had similar facts. First, Sandoval Lua. Second, Salviejo Fernandez. In those two cases, there were applicants for discretionary relief. And in those two cases, there was a statute that was identified that indicated there was a potential statutory bar to relief. And in both of those cases, the Court construed whether or not those convictions rendered the individual statutorily ineligible by applying the categorical approach. Do you mind if I just cut to the chase with a question I have about this case? Sure. The BIA decided this case based on Section 1227, correct? That's right. The government asserts in its brief that that's the incorrect statute, that the government was not proceeding under 1227, but even though the BIA cited this, it's harmless error because 1182A2 applies. Is that basically where we are? I'm not asking you to necessarily agree. Is it correct where we are now that the government is proceeding under 1182 and not 1227? As you understand. As I understand it, they've alleged it's harmless error. Do you have any disagreement with that? I'm not sure that I agree that it's error. I think that it doesn't matter. Where we are now, do you agree that we're proceeding under 1182, that the government is proceeding under 1182? I don't. Okay. Well, we'll talk about that when you get up. 1182 contains an exception for a petty offense where the maximum penalty is less than a year, right? That's right, Your Honor. And the maximum penalty for this offense cannot exceed one year. That's right, Your Honor. So does the exception apply? It certainly does apply. There's been precedent decisions by the Board, recognized by this Court over and over again, that the petty offense exception applies. We submitted 28-J letters for two cases, one as recently as February of 2010, where the Court acknowledged the petty offense. If the petty offense exception applies to the conviction purported to render someone ineligible for relief, but they're still eligible. The other 28-J letter was submitted for a case that came out in September of 2009, where the allegation was that a crime of moral turpitude stopped the clock, stopped the individual applicant from having the ten years of continuous residence necessary. And in that case, the Court concluded it was a petty offense, and therefore it didn't stop the clock. And just so we're clear for the record, the Idaho Code 18-2408 says that petty theft is punishable by imprisonment in the county jail not exceeding one year, correct? That's right. And the exception in 1182 says where the maximum penalty did not exceed imprisonment for one year, correct? That's right. Okay. And the records that are submitted at AR 212 and 185, that's the application for cancellation removal and a supplement that the applicant provided, show that the statute or that the punishment was actually served was less than six months, which is another requirement for the petty offense exception to apply. Does this petty offense exception apply in this particular situation where we have cancellation of removal? It does, Your Honor. What do we do with Vasquez-Hernandez v. Holder? Have you seen Vasquez-Hernandez v. Holder? I have, Your Honor. It seems to me that Vasquez-Hernandez v. Holder would suggest that in a cancellation of removal case, the petty offense exception would not apply. Vasquez-Hernandez can be distinguished. Actually, what Vasquez-Hernandez holds, as I read it, are two things that confirm and reaffirm prior holdings of this case. First, that as was set forth in Gonzales v. Gonzales, it is possible for someone who had entered the country without admission to be rendered ineligible for cancellation of removal under one of the deportation grounds. That's one holding. But second holding is that the petty offense exception doesn't apply to a deportation ground. In this case, or excuse me, in Vasquez's case, the charge was or the inquiry was whether or not the individual had a domestic violence offense. That's a deportation ground. For which there's no time limit. Excuse me? For which there's no time limit. That's right. Do you have Vasquez-Hernandez's decision right there? I do, Your Honor. Look at footnote 3. So I don't waste your time. Here's what footnote 3 says. Okay, I have it in front of me. Okay. If, and if is italicized, 1182A2 was the basis for Vasquez-Hernandez's removability, and that is the basis in this case, correct? That's right, Your Honor. That's what the government's relying on. Yes. The petty offense exception may have applied in determining whether Vasquez-Hernandez was removable. That's exactly what we have here, isn't it? That's right. So does that mean it does apply, or it doesn't mean we have to decide whether it applies? You don't need to decide whether it applies, Your Honor. Well, what case do I have that suggests it does apply? In a ground where they're alleging that a ground that falls in the admissibility. I mean, we're not in removal proceedings here. We're in cancellation of removal proceedings. And if I look very carefully at what Vasquez-Hernandez suggests on page 1056, it seems to me that what they're really suggesting is that the qualifiers as relating to time should not apply in a cancellation of removal context. That instead, it's just the fact that one has been convicted of the petty offense. And so, therefore, if they didn't decide in Vasquez-Hernandez whether the petty offense exception applied, then do we have to decide whether it applies? And Vasquez, giving us plenty of reason to suggest that it didn't apply, any qualifiers did not apply in that situation, that it shouldn't apply here. The reason that the petty offense exception doesn't apply in Vasquez-Hernandez is because the ground of deportation that was the ground that they, the offense that they said rendered him ineligible was a deportation ground. And in the whole stream of exceptions, there is no petty offense exception anywhere in deportation ground. So if the government, as they were able to show that he was, in fact, guilty of an offense that equaled domestic violence, that's the end of the inquiry. They don't get to, the applicant doesn't get to point over here and say, hey, a domestic violence offense is also a crime of moral turpitude, and therefore, give me the petty offense. That wasn't the factual scenario there. So here, where the government concedes that we're under the grounds of inadmissibility, it's clear that the petty offense exception applies. This Court has confirmed and reaffirmed BIA decisions that hold that the entire statute, the full description of the statute that is alleged to render the individual statutorily ineligible for cancellation of removal includes the exception. It includes as part of that described offense the 212 offense. That's in Gonzales-Gonzales. It's in Gonzales-Beltran, the BIA, and numerous other cases that we've cited in our briefs. I see that I'm nearing the end of my time, so I'm going to hold for rebuttal. Thank you. Appreciate your argument. Seems like Judge Hawkins has cut to the chase here. Seems like this is the big thing that you ought to talk about here. Vasquez. Yeah, Vasquez, whether it really does anything to the petty offense exception or whether it doesn't. And his first question as to what is the government really relying on here I think is important. Yes, Your Honor, because I think the board cited to the Removability Grounds in this Court's decision in Gonzales, which said that it doesn't matter if you're removable or inadmissible because that's not what's at issue. What's at issue is whether or not you've been convicted of an offense described under either or of those, and that's what the board cited. The government in its brief noted that to the extent that there was any error in doing so, that was harmless because this particular offense would be covered under 1182 or 1227. So the government's position in this case rises or falls on the applicability of 1182A2? No, Your Honor, I do not believe so. What we have here and what we have to remember is that we have the agencies. Timeout, timeout. Sure. The BIA relied on 1227. The government's position now is on appeal that that was the wrong section to operate under. It's the petitioner's burden on review to demonstrate an error of the agency, and I think it defies logic to say. You would admit that the board relied upon the wrong statute, correct? But you say it's harmless error, right? Because this alien would have been excludable in the government's position under 1182A2, correct? That's your position. The government stated that in its brief, that it doesn't matter which one, because the language that we're construing is not whether or not the alien is removable or inadmissible. The language we're construing is whether or not the offense committed is described in either, and it's, of course, described in both. Are you prepared to concede now that 1227 wouldn't apply because of the time? No. Okay. No. But it is your position that 1182A2 applies? It's my position that the language we're construing is whether or not the petitioner has demonstrated that he has not, because he bears the burden of demonstrating that he has not been convicted of a crime described in either of the two. The agency's decision, which we're construing. Okay, fine, I accept that. Let's concentrate just for the moment on 1182. Is it the government's position that this applies only to removability and not to cancellation? I'm not sure I understand the question. That 1182 applies? Yes. 1182 is the inadmissibility grounds, and the language in there obviously is used to determine whether or not someone's inadmissible, but that wasn't at issue here because the individual had conceded his inadmissibility. The issue here is whether or not he has demonstrated that he has not been convicted of an offense described in that provision. Okay. Now, one of the 1182 incorporated into 1229B describes the crimes that will lead to removability, and one of them is a crime involving moral turpitude. Are you with me so far? Yes. Okay. And there's an exception. An exception reads, the maximum penalty possible for the crime of which the alien was convicted, I've left out a few words here, I don't think they're terribly important, did not exceed imprisonment for one year. Is that right? I believe you're reading straight from the statute. I believe that's how it reads. And my reading of Idaho Code Section 182408 says that petty theft in Idaho was punishable by imprisonment in the county jail not exceeding one year. Correct, Your Honor, not exceeding. Now, I read your brief, and first of all, you don't even cite the Idaho statute. I guess you didn't write this brief, someone else did. But your brief does not even cite the Idaho statute, does it? That's correct, Your Honor. I acknowledge there was an error. The government's brief is citing to the 033 provision, when the board has just cited to the Idaho statute with reference to the sentencing provision. That's correct, Your Honor. Okay. But again, this Court, as you were asking earlier about the Vasquez-Hernandez decision, which would seem to indicate that the temporal requirements in either the two provisions aren't relevant if the issue is whether the alien has established that they have not been convicted of a crime described under, rather than cases where the issue might be whether that particular conduct rendered the alien inadmissible or removable. And here the petitioner clearly bore the burden to establish eligibility for relief, clearly bore the burden to establish that he had not been convicted of an offense which this Court, a different panel of this Court in Gonzales, said that language means an offense described under. And the board in this case determined that the offense, which was theft, was described under 1222, and that that was a crime of moral turpitude. There's never been an issue here that the petitioner was convicted of petty theft. It wasn't an issue below. He himself informed the agency that he'd been convicted of petty theft. It was never an issue that it was or wasn't theft. I think there's some argument now on review that perhaps this conduct wasn't theft, but that wasn't at issue below. And the board correctly found that whether or not theft was a crime of moral turpitude was something that had been already decided by both the board and this Court to be morally turpitudinous. In addition to this Court's decision in Vasquez-Hernandez, the decision cited in the petitioner's brief, which is the board decision decided after this case where the board has come to the same conclusion that it would seem that the Vasquez-Hernandez panel would have reached, which is that the petty offense exception does not apply in this case because the issue isn't whether or not the alien is inadmissible for this conduct. The issue is whether or not they've established eligibility for relief. And that case is? That's the board decision. That's Almanzas, I believe is how you pronounce it, cited in the petitioner's brief. So the board has reached the same conclusion in a published decision that it would indicate another panel of this Court would have reached about this issue. Is the government in this case proceeding under 1182A6? The answer is no, isn't it? 1182A6. That's not the section the board cited, Your Honor. Okay. So the board didn't rely upon that. The board did not. The board relied on 1227, and the government in its brief noted that this wouldn't matter because 1182 would apply, noting that the board and a different panel of this Court, the board has definitely decided, but a different panel of this Court has indicated that the petty offense exception would not apply in this particular instance. So it would appear that if there was any error in referring to the removability section rather than the inadmissibility section, that error would be harmless. Thank you. Thank you. Thank you. Your Honor, the board did proceed under 1182A6. The charge of removability was present without admission or parole. That's been established. The second part of the hearing was are you entitled to relief? And that is where the allegation at the board reached the holding that the individual had been convicted of crime of moral turpitude under the deportation ground. All right. Anything else in response to general discussion? Otherwise, your time is up. Yes, Your Honor. The 237 ground cannot apply. Vasquez-Hernandez doesn't change anything with the Court's holdings from before. It reaffirms prior holdings. It confirms that if they proceed on 237, that the petty offense doesn't apply. We don't dispute that. We don't dispute that. But here, the alleged statute that renders this individual inadmissible, as conceded by the government, is a ground of inadmissibility, which this Court and the Board of Immigration Appeal through precedent decision has routinely, overwhelmingly, time and time again said includes the petty offense exception as part of the description of the offense. Thank you for your argument. Thank you. Case 0873835, Jose Guadalupe Lozano Arredondo v. Holder is submitted.
judges: Goodwin, Hawkins, Smith N. R.